IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR LINDELL ERVIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1651-K |
| | § | |
| BILL HILL, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Plaintiff Arthur Lindell Ervin, an inmate in the Dallas County Jail, against District Attorney Bill Hill, Sheriff Lupe Valdez, his court-appointed lawyer, and a grand jury foreman. On August 17, 2005, plaintiff tendered a complaint to the district clerk and filed an application for leave to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two *Spears*[1] questionnaires then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the questionnaires on

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

September 13, 2005 and November 3, 2005. The court now determines that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In December 2003, plaintiff was indicted by a Dallas County grand jury for sexual assault. While out on bond, another grand jury charged plaintiff with two counts of injury to a child. Plaintiff alleges that District Attorney Bill Hill and Sheriff Lupe Valdez conspired to hold him on the new charges for more than a month without bond. He also accuses the district attorney, grand jury foreman, and his court-appointed lawyer of conspiring to deprive him of an examining trial before the second indictment was returned. In unrelated claims, plaintiff contends that he has been denied adequate food and medical care, is subjected to unsanitary living conditions, does not have access to the law library, and has been retaliated against for filing grievances. As relief, plaintiff seeks unspecified money damages, release from confinement, and a federal investigation into the charges alleged in his complaint.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff alleges that the district attorney and sheriff have conspired to hold him in jail without bond and that the prosecutor, grand jury foreman, and his court-appointed lawyer have conspired to deprive him of an examining trial. These claims are without an arguable basis in law for at least three reasons. First, no state court or federal habeas court has ever determined that the terms of plaintiff's confinement are invalid. (*See* First *Spears* Quest. #3). Plaintiff is therefore precluded from suing for money damages under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995). Second, prosecutors and grand jurors are immune from suit for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) (prosecutors); *Walker v. Skeen*, No. 01-40852, 31 Fed.Appx. 155 (5th Cir. Dec. 12, 2001) (prosecutor and grand jury foreman). Finally, a private attorney appointed by the court to represent an indigent defendant does not act under "color of state law" for purposes of section 1983 liability. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d

509 (1981). For these reasons, plaintiff cannot sue these defendants for civil rights violations that imply the invalidity of his arrest and detention.[2]

C.

Plaintiff further contends that he has been denied adequate food, proper medical care, and sanitary living conditions while incarcerated in the Dallas County Jail. These claims are governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. *See Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996). To establish "deliberate indifference," plaintiff must allege facts which, if proved, show that jail officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Id.*, *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

1.

The court initially observes that plaintiff has failed to state a claim for relief against Sheriff Valdez-- the only defendant blamed for these alleged constitutional violations. As an elected official responsible for operations at the Dallas County Jail, Valdez is liable only if: (1) she affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). It is clear from plaintiff's interrogatory answers that Valdez was not personally involved in any aspect of this case. Rather, plaintiff maintains that the sheriff is responsible for the actions of her subordinates. (*See* Sec. *Spears* Quest. #2, 10 & 11).

---

[2] To the extent plaintiff seeks dismissal of the indictment and an order releasing him from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). However, it does not appear that plaintiff has exhausted his state remedies by presenting the factual and legal basis of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. (*See* First *Spears* Quest. #3). Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).

Nor does plaintiff identify any specific policies that violate his constitutional rights or allege any facts linking those non-existent policies to Valdez.[3] Consequently, plaintiff has failed to state a claim for relief against this defendant. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Morgan v. Dallas Co. Sheriff's Dep't.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005).

2.

Even if plaintiff could show that Valdez or her subordinates were deliberately indifferent to his medical needs or the conditions of his confinement, these claims still fail because plaintiff suffered no physical harm. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). In his interrogatory answers, plaintiff states that he needs "medicines, bandages, etc." for cuts, rashes, cold and flu-like symptoms, infections, and migraine headaches. (*See* Sec. *Spears* Quest. #1). With respect to his living conditions, plaintiff alleges that his exposure to dead bugs, dirty eating trays, disease, and a staph-infected environment without cleaning materials has caused "infection, sickness [and] physical and mental anguish." (*See* First *Spears* Quest #4; Sec. *Spears* Quest. #9). Such conclusory assertions are insufficient to establish

---

[3] Plaintiff alleges that he was told by detention officers "to talk with the Sheriff about your concerns" and that "the Sheriff [is] reponsible for the jails [sic] sanitary conditions." (*See* Sec. *Spears* Quest. #2 & 10). Those allegations are insufficient to link Valdez to an unconstitutional policy.

"physical injury" under the PLRA. *See, e.g. Alexander*, 351 F.3d at 630-31 (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*); *Bargalla v. Valdez*, No. 3-05-CV-0593-M, 2005 WL 1163304 at *2 (N.D. Tex. May 13, 2005) (allegation that plaintiff suffered "unnecessary pain and suffering" insufficient to establish physical injury); *Morgan*, 2005 WL 57282 at *2 (same as to allegation of "undue pain . . . on a regular basis").

3.

Plaintiff further alleges that the food served to inmates is "spoiled with a very bad order [sic] also with very small portion sizes." (Sec. *Spears* Quest. #11). In an attempt to establish physical injury, plaintiff states that he contracted food poisoning on one occasion which required medical treatment. (*Id.*). However, a single incident of unintended food poisoning does not rise to the level of a constitutional violation. *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988). *See also Franklin v. True*, No. 94-3484, 1996 WL 43532 at *1 (7th Cir. Jan. 30, 1996), *cert. denied*, 116 S.Ct. 2532 (1996) (claim of food poisoning due to unsanitary food was insufficient to show deliberate indifference necessary for an Eight Amendment violation).

D.

Next, plaintiff contends that he has been denied access to the law library. This claim must be analyzed under the more general right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). Such a right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed. 2d 642

(1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976).  However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

Plaintiff alleges that he needed access to the law library to research his indictment before an attorney was appointed to represent him.  (Sec. *Spears* Quest. # 4 & 5).  However, the lawyer ultimately appointed to represent plaintiff in the new case charging him with two counts of injury to a child, Omar Nawaz, also represented plaintiff in the pending sexual assault case.  Because plaintiff was represented by counsel at all times, he has no constitutional right of access to a law library in connection with his criminal proceedings.  *See Caraballo v. Federal Bureau of Prisons*, No. 04-30965, 124 Fed.Appx. 284, 285 (5th Cir. Mar. 23, 2005); *Piper v. Alford*, No. 3-02-CV-2640-P, 2003 WL 21350215 at *2 (N.D. Tex. Jun. 4, 2003).

E.

Finally, plaintiff accuses Sheriff Valdez of retaliating against him for filing grievances.  Jail officials may not retaliate against an inmate for exercising his right of access to the courts or using the grievance system.  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 800 (1996); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.), *cert. denied*, 106 S.Ct. 1975 (1986).  In order to prove retaliation, the inmate must:  (1) allege the violation of a specific constitutional right; and (2) establish that the incident would not have occurred but for a retaliatory motive.  *Johnson v. Rodriguez*, 110 F.3d 299, 313 (5th Cir.), *cert. denied*, 118 S.Ct. 559 (1997); *Woods*, 60 F.3d at 1166.  Mere conclusory allegations are insufficient.  *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell*, 841 F.2d 120, 122-23 (5th Cir. 1988).  The inmate must produce direct evidence of motivation or

"allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166, *quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988).

In support of his claim, plaintiff alleges that "at one time we were getting laundry exchange once every two weeks that went to once ever [sic] month. We also did not get the bear [sic] necessities like bleach and soap to keep infection down." (Sec. *Spears* Quest. #12). Although plaintiff believes this action was taken in retaliation for filing an earlier grievance, he offers no facts to support that conclusory assertion. Plaintiff's subjective belief that he was the victim of retaliation does not give rise to a cause of action under 42 U.S.C. § 1983. *See Phillips v. Mills*, No. 3-04-CV-0991-P, 2004 WL 1402569 at *2 (N.D. Tex. Jun 22, 2004) (citing cases).

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 10, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE